[Crim. No. 4099.  Second Dist., Div. Three.  July 10, 1947.]

THE PEOPLE, Respondent, v. BLANCHE SCHWARTZ, Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, W. E. Simpson, District Attorney, Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

WOOD, J.—Defendant pleaded guilty to a charge of violation of section 337a, subdivision 2, of the Penal Code, a felony, which offense is commonly known as bookmaking. On July 20, 1944, upon the hearing of her application for probation, the court suspended proceedings in the case and granted probation for a period of three years upon the conditions that she pay a fine of $100 and "must refrain from gambling or bookmaking and must report regularly to the Probation Department and obey all laws." On November 29, 1946, the court, in the presence of defendant and her counsel, revoked said order granting probation, and pronounced judgment that defendant be imprisoned in the county jail for six months. Defendant appeals from the judgment.

After probation had been granted the defendant pleaded guilty in another department of the superior court (the date is not shown by the record but it is asserted in appellant's brief that it was more than two years after probation had been granted) to another and different charge of violation of section 337a of the Penal Code, and the judge in the other department, without referring the matter to the probation department for investigation, granted probation to her on condition that she pay a fine of $500 forthwith. The basis for revoking probation in the present case was the plea of guilty in the other department of the court.

Appellant contends that the judgment is void for the reason that it "was pronounced after the legal period during which the appellant could have been placed on probation upon the charge." Her argument is that at the time of making the original order the court, by suspending the proceedings, let the crime remain a felony, and that since the period of time for which the court could have granted probation in a *felony* case was the maximum possible term for which it could have sentenced a defendant in a *felony* case, and since the maximum possible term for which the court could have sentenced this defendant under section 337a for such *felony* was imprisonment for one year, the portion of the order granting probation in excess of one year was a nullity, and the judgment pronounced after the expiration of one year was void.

The punishment for violation of section 337a of the Penal Code is "imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year."

Section 1203.1 of the Penal Code provides in part: "The court. . . in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, *except as hereinafter set forth,* and upon such terms and conditions as it shall determine. The court . . . in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant *case; provided, however, that where the maximum possible term of such sentence is less than two years, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over three years;* may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither; may provide for reparation in proper cases; and may require bonds for the faithful observance and performance of any or all of the conditions of probation." (Italics added.)

Appellant contends that the proviso in said section 1203.1, stating that where the maximum term of such sentence is less than two years then such period of suspension may continue for not over three years, relates to misdemeanors and

not to felonies, and that since appellant stood convicted of a felony at the time sentence was suspended the court could not grant probation for three years. Such contention is based upon the fact that "county jail" imprisonment is referred to immediately preceding such proviso. She argues that under the doctrine of *noscitur a sociis* and *ejusdem generis* the meaning of the part of the section after the word "provided," which part relates to the suspension for three years, must be considered as relating to the part of the section preceding the word "provided," which part pertains to imprisonment in the county jail, and that when so considered it is plain that the Legislature "intended that such misdemeanor sentences which extend as high as two years could be suspended in the discretion of the court for not over three years," and that such provision "was never meant to apply to felonies." She also argues that "It will thus be seen that the part pertaining to suspension of imposition or execution of sentence to continue for not over three years relates to cases where 'in the order granting probation and as a condition thereof may imprison the defendant in the county jail.' " The present case, although regarded as a felony, certainly is one in which the court "may" in the order granting probation and as a condition thereof "imprison the defendant in the county jail." In addition to the provision of the section particularly referred to above, which states that imprisonment in the county jail may be made a condition of probation, it is stated in said section, at a later place, that the court "may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither." The first provision in the section relative to imprisonment in the county jail states the limit of time for imprisonment in the county jail, and the later provision states that imprisonment in the county jail may be imposed, with or without a fine, in granting probation. ▄▄▄ At the beginning of the section it is provided that probation may be granted for a period of time not longer than the maximum term for which a defendant can be sentenced, except as thereinafter set forth. It is then provided therein, as a condition of probation, that the defendant may be imprisoned in the county jail for a period not longer than the maximum time fixed by law in the instant case. It is not specified there or at all that such provision relates to misdemeanors only. Then an exception (apparently the one referred to at the beginning of the section) is made to the provision that probation cannot continue

beyond the time for which a defendant can be sentenced, and that exception is that where the maximum possible term of such sentence is less than two years, then such period of suspension may continue for not over three years. Appellant seems to contend that the exception refers only to a county jail sentence, since the words "such sentence" are used in the exception. It is to be noted, however, that the words "such sentence" are also used at the beginning of the section before any reference is made to the county jail. The contention of appellant that said exception relates to misdemeanors only is not sustained. It is clear that the provision in said section 1203.1, "that where the maximum possible term of such sentence is less than two years, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over three years," applies to felony cases and misdemeanor cases.

Appellant violated the terms of her probation by engaging in bookmaking. Section 1203.2 of the Penal Code provides in part that: "At any time during the probationary period of the person released on probation . . . the court may . . . revoke and terminate such probation . . . if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation . . . ." The order granting her probation was properly revoked. If the judge in the other department of the court had known, at the time she pleaded guilty to the second offense, that she was then on probation for the prior offense, she could not have been placed on probation for the second offense. Section 1203 of the Penal Code provides: ". . . that probation shall not be granted . . . to any defendant unless the court shall be satisfied that he has never in any place been previously convicted of a felony . . . ." Probation having been revoked within the probationary period, and for violation of the terms thereof, it was the duty of the court to pronounce judgment. (*People* v. *Hunter,* 42 Cal.App.2d 87, 91 [108 P.2d 472]; *People* v. *Williams,* 24 Cal.2d 848, 854 [151 P.2d 244].) The judgment was pronounced within proper time.

The judgment is affirmed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1947.