[Crim. No. 2100.   Third Dist.   Feb. 11, 1949.]

THE PEOPLE, Respondent, v. HAROLD TIPTON,
Appellant.

Ernest Spagnoli for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier,
Deputy Attorney General, for Respondent.

ADAMS, P. J.—On January 26, 1944, an indictment was
filed against appellant charging four separate violations of
section 288a of the Penal Code. He entered pleas of not
guilty, and not guilty by reason of insanity.   On March 22,

1944, a trial jury convicted him of the offenses charged, but disagreed on the issue of insanity.

A petition was then filed by appellant's sister alleging that defendant was a sexual psychopath. After hearing thereon he was so adjudged and committed to the Mendocino State Hospital for treatment. On February 4, 1946, the superintendent of said hospital advised the trial court that defendant had not recovered from his sexual psychopathy but that he would not benefit by further treatment. Defendant was thereupon returned to the trial court for further proceedings in his case.

He then withdrew his plea of not guilty by reason of insanity and applied for probation. It was denied, and he was sentenced to imprisonment in the state prison for the term provided by law, the judgment being dated May 13, 1946.

During all of the foregoing proceedings defendant was represented by counsel of his own choosing. No appeal was taken from said judgment and no motion for a new trial made.

On or about July 26, 1948, the present counsel for Tipton filed in the trial court a motion to set aside, vacate and annul the prior judgment, and a motion for an order allowing him to file a notice of appeal from the judgment. Both motions were denied and this appeal followed.

The first motion was based upon a contention that the grand jury which indicted Tipton was illegal. The motion was rightfully denied. See *People* v. *Dale,* 79 Cal.App.2d 370, 375 [179 P.2d 870], *People* v. *Meraviglia,* 73 Cal.App. 402, 407 [238 P. 794], *People* v. *Murphy,* 71 Cal.App. 176, 180 [235 P. 51], and *People* v. *Godfrey,* 100 Cal.App. 233, 234-235 [279 P. 1031], which hold that where an indictment appears regular on its face and a defendant fails to demur or move to set it aside, he waives any irregularities in the organization or impanelment of the grand jury.

Defendant also contended that as he had been adjudicated a sexual psychopath, before the trial court could proceed to sentence him after his return from the state hospital it was necessary that he be restored to his "sanity," since section 1367 of the Penal Code provides that a person cannot be tried, adjudged to punishment, or punished for a public offense while he is insane. But one who is declared to be a sexual psychopath is not thereby adjudged to be insane; nor does chapter 4 of the Welfare and Institutions Code so contemplate. While one adjudicated an insane person under Penal Code sections 1368 to 1372 cannot be proceeded against

on a criminal charge until he becomes sane, no such condition is imposed by the sections of the Welfare and Institutions Code which provide for the commitment of a sexual psychopath to a state hospital for treatment. One who has been adjudicated a sexual psychopath has not been found to be insane; and under the provisions of section 5502.5 of the Welfare and Institutions Code, when the superintendent of the state hospital has notified the court that in his opinion a sexual psychopath has not recovered from his condition and will not benefit by further treatment, his return to the court for further disposition of his case is specifically provided. That is exactly what was done in this case; and as the defendant had already been convicted of the offenses charged, and then withdrew his plea of not guilty by reason of insanity, due disposition of his case was made by the denial of probation and sentence to state prison.

That sections 1367 and 1368 of the Penal Code are essentially different from the provisions of the Welfare and Institutions Code relating to sexual psychopaths was held in *People v. Haley,* 46 Cal.App.2d 618, 621 [116 P.2d 498]. Also see *In re Stone,* 87 Cal.App.2d 777, 782 [197 P.2d 847], and *State v. Macias,* 60 Ariz. 93 [131 P.2d 810, 813].

As for appellant's motion in the trial court for permission to file a notice of appeal some two years after judgment rendered, we are cited no authority in support of any such power in that court. Under rule 31 of the Rules on Appeal defendant had 10 days in which to appeal from such judgment but failed to do so; and no motion for a new trial was made. That the requirements for the filing of notices of appeal are mandatory and jurisdictional, and time for filing notice of appeal cannot be extended by stipulation or other action of the parties or by order of the court, was held in *People v. Lewis,* 219 Cal. 410, 413-414 [27 P.2d 73]. Also see *People v. Darcy,* 79 Cal.App.2d 683, 693 [180 P.2d 752], and *Estate of Hanley,* 23 Cal.2d 120, 122-123 [142 P.2d 423].

The orders appealed from are affirmed.

Peek, J., and Thompson, J., concurred.