[Crim. No. 4688. Second Dist., Div. Two. July 17, 1951.]

In re Juanita M. Rice, on behalf of STANLEY C. RICE, on Habeas Corpus.

Robert O. Pfleger for Petitioner.

S. Ernest Roll, District Attorney, and Ralph F. Bagley, Deputy District Attorney, for Respondent.

McCOMB, J.—This is an application for a writ of habeas corpus, seeking the release of petitioner on bail pending a hearing in the superior court to determine whether or not petitioner is a "sexual psychopath."

*Facts:* On June 22, 1951, petitioner was certified by the Municipal Court of the City of Los Angeles to the Superior

Court of the State of California in and for the County of Los Angeles for a hearing and examination by said court as to whether or not petitioner is a "sexual psychopath" under the provisions of chapter 4, part 1 of division VI of the Welfare and Institutions Code of the State of California, as amended.

The superior court on said date set July 23, 1951, as the date for the examination and hearing of petitioner relative to such matter, and denied petitioner bail pending such hearing, remanding him to the custody of the sheriff of Los Angeles County.

He then filed the present application for a writ of habeas corpus and this court released him on bail in the sum of $500 pending a hearing upon such writt.

 This is the sole question presented for our determination:

*Is petitioner entitled to be released on bail pending the determination of whether or not he is a "sexual psychopath"?*

*Yes.* When a petitioner is arrested pursuant to the provisions of section 5501 of the Welfare and Institutions Code,* he is entitled to bail pending his examination and hearing before the superior court. (*In re Murray Keddy,* Crim. No. 4656, *ante,* p. 215 [233 P.2d 159] filed June 29, 1951, in the office of the Clerk of the District Court of Appeal, Second Appellate District.)

It is therefore ordered that petitioner be permitted to remain on bail pending the determination of the superior court as to whether or not he is a "sexual psychopath."

Moore, P. J., concurred.

WILSON, J.—I dissent for the same reasons stated in my dissenting opinion in *In re Keddy, ante,* p. 215 [233 P.2d 159], filed June 29, 1951. Petitioner should not be admitted to bail pending determination by the superior court as to his sexual psychopathy.

---

*Section 5501 of the Welfare and Institutions Code as amended (Stats. 1950, p. 439) reads in part:

"(a) When a person is convicted of a criminal offense, the trial judge, on his own motion, or on motion of the prosecuting attorney, or on application by affidavit by or on behalf of the defendant, if it appears to the satisfaction of the court that there is probable cause for believing such person is a sexual psychopath within the meaning of this chapter, may adjourn the proceeding or suspend the sentence, as the case may be, and may certify the person for hearing and examination by the superior court of the county to determine whether the person is a sexual psychopath within the meaning of this chapter."