[Crim. No. 4800.   Second Dist., Div. One.   Aug. 14, 1952.]

THE PEOPLE, Respondent, v. KENNETH JAMES WELLS, Appellant.

Gladys Towles Root and Herbert W. Grossman for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant pleaded guilty to violation of Penal Code, section 288,—misconduct with a 5-year-old girl. Also he admitted a prior felony conviction of burglary and grand theft, for which he served a term of imprisonment.

After taking his plea, the superior court suspended further proceedings, adjudged defendant a sexual psychopath, and committed him to a state hospital. (Welf. & Inst. Code, div. 6, pt. 1, ch. 4.)

After a year and a half in the hospital, defendant was returned to the superior court for further proceedings, and was granted probation.

After defendant was out on probation for a year and three months, he was returned to court, his probation was revoked, and he was sentenced to the penitentiary. He appeals from this judgment.

At the hearing on revocation of probation it appeared that defendant had again misconducted himself with children; this time with two little girls, one 3 years of age, the other 5½ years of age. At the hearing, a medical expert reported that defendant was ''an aggressive type of sexual psychopath of long standing, who will undoubtedly repeat his offense against children, and represents a perpetual hazard to the community.''

The only question on this appeal is whether the sexual psychopathy proceedings of the Welfare and Institutions

674

Code should have been gone through with again?—Whether there should have been another hearing and commitment of defendant to a mental hospital before probation was revoked and judgment was pronounced for the offense to which he had pleaded guilty?

If this had been a prosecution for the two sex offenses last committed by defendant, subdivisions b or c of section 5501 of the Welfare and Institutions Code would have applied.

■ But this proceeding was to revoke probation. (Pen. Code, § 1203 et seq.) All the provisions of the sexual psychopathy law had been complied with. Defendant had been to the mental hospital and had been returned to the superior court. He had been granted probation and had violated the terms of the clemency extended to him. He had had his chance. So it was the right of the trial court under section 1203.2 of the Penal Code to terminate defendant's probation and to pronounce judgment. ■ It is proper to revoke probation when a defendant pleads guilty to a second offense committed during the time he is on probation. (*People* v. *Schwartz*, 80 Cal.App.2d 801 [183 P.2d 59].)

Here we have a disheartening failure in the administration of the Sexual Psychopathy Law. That law was enacted to protect children from degenerates, and to keep sexual perverts locked up until society could be reasonably assured that they would no longer be a menace to children. ■ The primary purpose of the law was to protect society against the activities of sexual perverts. (*People* v. *Hector*, 104 Cal. App.2d 392 [231 P.2d 916]; *People* v. *McCracken*, 39 Cal. 2d —— [246 P.2d 913].)

It was never the purpose of the Sexual Psychopathy Law to set up a legal by-pass whereby certain privileged perverts would be kept in mental hospitals for a short time and then turned loose. Sexual psychopaths are to be returned to society when, and only when the superior court is positively convinced that they are no longer dangerous to children.

It was thought that it would be more humane to confine sexual psychopaths in mental hospitals, rather than in prisons of maximum security. And that perhaps in such hospitals some cure might be worked in the malformed minds of these men. And, so far as this can be done without for one moment forgetting the primary purpose of the law, it is an advance in penology. (See *"Sane Laws for Sexual Psychopaths,"* 1 Stan.L.Rev. 486.)

Therefore, the law provides that sexual psychopaths are to be returned to the superior court when the Director of Mental Hygiene and the superintendent of a mental hospital shall certify that in their opinion (a) the sexual psychopath has recovered to such an extent as to no longer be a menace to the safety of others, or (b) will not benefit by further care and treatment in the hospital and *is not a menace to the health and safety of others,* (emphasis added) or (c) has not recovered and is still a menace to the health and safety of others. (Welf. & Inst. Code, § 5517.)

█ When the sexual psychopath comes back to superior court it becomes the duty of the judge to go on with the case. It is within the discretion of the court to send the defendant to state's prison, even though the medical experts certify that he has recovered to such an extent as to no longer be a menace to the safety of others. Such discretion is to be exercised in view of the entire history of the case, and is properly committed to the conscience of the trial judge. And if the judge feels that the defendant is still a menace to the health and safety of others, it is his duty to send him to state's prison; to temporize no longer with men who prey upon children.

In such cases as this trial courts must rely upon, and to some extent must be guided by the opinions of medical experts. It is hard to understand how responsible officers of this state were willing to certify that this defendant, who admitted he had committed an abominable sexual crime, after only a year and a half in a mental hospital, was no longer a menace to the health and safety of others.

The judgment is affirmed.

White, P. J., concurred.

Doran, J.—I concur in the judgment. I disagree with that portion of the opinion which intimates that these new psychopathic laws represent any advance in penology.