[L. A. No. 23046.   In Bank.   May 25, 1954.]

WALTER FRANKLYN GROSS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ellery E. Cuff, Public Defender (Los Angeles County), under appointment by the Supreme Court, and Arthur J. Jaffe, Deputy Public Defender, for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux and John B. Anson, Deputy County Counsel, for Respondents.

CARTER, J.—On March 17, 1948, Walter Gross, petitioner here, pleaded guilty in a criminal prosecution to a violation of section 288 of the Penal Code (lewd and lascivious conduct with a child under 14 years of age) ; he also admitted prior felony convictions, burglary, sodomy and lewd and lascivious conduct with a child for which he served prison terms. He requested probation and pending hearing thereon and passing of sentence, proceedings were instituted pursuant to statute (Welf. & Inst. Code, § 5500 et seq.) to have it determined

that he was a sexual psychopath. Proceedings in the criminal case were suspended. After a hearing thereon Gross was adjudged on July 7, 1948, to be a sexual psychopath and ordered confined to Camarillo State Hospital to be returned to court for further proceedings when his cure had been effected. The medical experts at that hearing stated that there was probably no chance of rehabilitation and that he should be permanently removed from society. He escaped from Camarillo, was captured and confined in the Mendocino State Hospital. On July 21, 1952, he filed in the superior court a "Motion for Subpoena and Writ of Attachment." The motion was denied on July 23, and he appealed. On September 18, 1952, he filed in the superior court what he called a "Motion for Subpoena and Writ of Attachment" in which he claimed that he was no longer a menace to society but the superintendent of Mendocino State Hospital refused to so certify. Pursuant to section 5519 of the Welfare and Institutions Code, the court requested the superintendent's opinion as to whether he was still a sexual psychopath, and on the superintendent's report that he was, the court ordered him returned to the court for further proceedings. At those proceedings the medical experts reported he was still a sexual psychopath and a menace to society and there was little hope for his recovery. On December 15, 1952, the court found in accordance with the experts' reports and ordered him committed to the Department of Mental Hygiene for placement at Terminal Island where he now is. His appeal from the July 23, 1952, order of denial was dismissed by the District Court of Appeal on January 26, 1953. (*People* v. *Gross,* 115 Cal.App.2d 502 [252 P.2d 416].) (The facts above recited are taken from the opinion on that appeal.) The appeal was dismissed on the ground that Gross had had a hearing on the determination of his then condition which resulted in the December 15th order.

Gross also moved to vacate and set aside the sexual psychopathy proceedings which the court denied on November 17, 1952. He appealed from that order. That appeal was dismissed in the same decision on the ground that it was an interlocutory order and therefore not appealable, whether the psychopathy proceedings be treated as criminal or civil; that the order of December 15th, 1952, was the final order in the case. The District Court of Appeal states in its opinion that no appeal was taken from the December 15th order and that it was the final judgment in the case, but it appears that

an appeal was taken therefrom within time on December 24, 1952. He also requested a clerk's and reporter's transcript of the proceedings leading to that order. His request for the transcripts was denied by the clerk of the superior court and he now seeks in this proceeding a writ of mandate ordering the clerk and court to prepare the transcripts.

Respondents assert that petitioner is not entitled to the transcripts because no appeal lies from the order; he cannot appeal *in forma pauperis* as he seeks to do nor have the transcripts prepared at the state's expense.

The proceedings which lead to the order of December 15th were taken under section 5519 of the Welfare and Institutions Code which provides that after a person who has been committed to the Department of Mental Hygiene as a sexual psychopath has been confined for not less than six months the court may on its own motion or on motion by the person committed, require the superintendent of the hospital to send a report to the court of his opinion as to whether (a) the person "has recovered from his sexual psychopathy to such an extent that in the opinion of the superintendent the person is no longer a menace to the health and safety of others, or (b) has been treated to such an extent that in the opinion of the superintendent the person will not benefit by further care and treatment in the hospital and is not a menace to the health and safety of others, or (c) has not recovered from his sexual psychopathy, and in the opinion of the superintendent the person is still a menace to the health and safety of others, . . . " (Welf. & Inst. Code, § 5517.) After receipt of the report the court may order the return of the person to the court for a hearing as to whether he is still a sexual psychopath. The hearing shall be conducted substantially the same as the original proceedings committing the person. If after the hearing the judge finds ". . . that the person has not recovered from his sexual psychopathy and is still a menace to the health and safety of others, he shall order the person returned to the Department of Mental Hygiene under the prior order of commitment for an indeterminate period, or, if the opinion of the superintendent of the state hospital was . . ." that he has not recovered from his sexual psychopathy and in the opinion of the superintendent is still a menace to others the judge may order the person's recommitment for an indeterminate time. Thereafter, "A subsequent hearing may not be held under this section until the person has been con-

fined for an additional period of six months from the date of his return to the department." (Welf. & Inst. Code, § 5519.) Finally, "If the court finds that the person has recovered from his sexual psychopathy to such an extent that he is no longer a menace to the health and safety of others, or that he will not benefit by further care and treatment in the hospital and is not a menace to the health and safety of others, the committing court shall thereafter cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge." (Welf. & Inst. Code, § 5519.) It thus appears that after a person has been committed as a sexual psychopath he may have his condition reascertained at intervals of not less than six months. ■ The redetermination would be a proceeding after the original commitment substantially affecting the rights of the party and the original order of commitment. On that basis the December 15th order could be appealable under section 963 of the Code of Civil Procedure which provides that an appeal may be taken from a superior court "judgment" entered in a "special proceeding" and "any special order made after final judgment." ■ Sexual psychopathy proceedings are special proceedings of a civil nature which are collateral to the criminal case. (*People* v. *Howerton*, 40 Cal.2d 217 [253 P.2d 8]; *People* v. *McCracken*, 39 Cal.2d 336 [246 P.2d 913]; *In re Keddy*, 105 Cal.App.2d 215 [233 P.2d 159]; *People* v. *Gross, supra*, 115 Cal.App.2d 502.*) ■ In the absence of statutory provision denying the right to appeal, an appeal may be taken by virtue of the general provisions of section 963 allowing appeals in special proceedings. (See *Morton* v. *Broderick*, 118 Cal. 474 [50 P. 644]; *People* v. *Bank of San Luis Obispo*, 152 Cal. 261 [92 P. 481]; *In re Herman*, 183 Cal. 153 [191 P. 934].) In *People* v. *Barnett*, 27 Cal.2d 649 [166 P.2d 4], we were considering an appeal from a judgment of conviction and from the trial court's order refusing to hold a hearing to determine whether defendant was a sexual psychopath. We said that the latter order was not appealable "under the circumstances

---

*We do not know whether there has been a judgment of conviction pronounced in this case. All we know is that Gross pleaded guilty to violating section 288 and then proceedings were suspended. If there were a judgment of conviction it might well be that the December 15th, 1952, order would be appealable under subdivision 3 of section 1237 of the Penal Code which states that an appeal may be taken by "defendant" from a judgment of conviction or "any order made after judgment, affecting the substantial rights of the party."

of this record," meaning that the matter could be reviewed on the appeal from the judgment of conviction and sentence. There was no order finding one way or the other whether defendant was a sexual psychopath and commitment or not accordingly. The case is thus not in point. While there is no provision in the Welfare and Institutions Code for an appeal in sexual psychopath proceedings as there are for some of the other proceedings there authorized, we do not believe that is an indication that the general provisions on appeal (Code Civ. Proc., § 963) do not apply. █ It would thus appear that the original order of commitment as a sexual psychopath is appealable as a final judgment in a special proceeding and that subsequent orders made under section 5519 would be appealable as special orders after final judgment.

█ On the question of having the record prepared at the state's expense section 69952 of the Government Code provides: "In criminal cases in which the court specifically so directs, the fee . . . for a transcript . . . shall be paid out of the county treasury. . . ." The proceeding is not strictly a criminal case as above seen yet it is to be noted it has some of the features pertinent to such cases. The state is defendant's opponent. █ The one sought to be declared a sexual psychopath is entitled to bail pending determination. (*In re Keddy, supra,* 105 Cal.App.2d 215; *In re Rice,* 105 Cal. App.2d 493 [234 P.2d 180]; *In re Morehead,* 107 Cal.App.2d 346 [237 P.2d 335].) He is entitled to be present at the hearing and if he has no counsel the court may appoint one for him or order the public defender to serve. (Welf. & Inst. Code, § 5511.) His liberty is at stake. █ Since those things are matters pertaining to the protection and rights of a person similar to one involved in a criminal case we believe he falls within the terms of section 69952 of the Government Code, *supra.* (See *In re Paiva,* 31 Cal.2d 503 [190 P.2d 604]; *People* v. *Smith,* 34 Cal.2d 449 [211 P.2d 561].)

Let the peremptory writ of mandate issue as prayed. The alternative writ is discharged.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and Bray, J., pro tem.,\* concurred.

EDMONDS, J.—Under section 69952 of the Government Code it is clear that the state must bear the expense of preparing the record on appeal only in "criminal cases." This

---

\*Assigned by Chairman of Judicial Council.

section is substantially the same as the provisions of former section 274 of the Code of Civil Procedure, which this court construed in *In re Paiva*, 31 Cal.2d 503 [190 P.2d 604], and *People* v. *Smith*, 34 Cal.2d 449 [211 P.2d 561]. Although each of those cases was concerned with a specific application of section 274, both of them recognize that it applies only to criminal cases.

However, neither decision is authority for holding that the present proceeding is a "criminal case," nor may such a conclusion reasonably be supported by the applicable statutes and decisions. The appeal here being considered is from an order made four years after Gross pleaded guilty to the charge of having violated section 288 of the Penal Code and in a proceeding commenced by him solely for the purpose of securing a judicial determination that he no longer is a sexual psychopath.

All of the decisions which determine the nature of a proceeding under the sexual psychopathy laws hold that it is of a civil nature (*People* v. *McCracken*, 39 Cal.2d 336, 346 [246 P.2d 913] ["the entire statutory procedure being civil in nature rather than penal"]; *People* v. *Howerton*, 40 Cal.2d 217, 219 [253 P.2d 8] ["The proceedings under section 5512 of the Welfare and Institutions Code are of a civil nature."]; *In re Keddy*, 105 Cal.App.2d 215, 217 [233 P.2d 159] ["A proceeding provided for by section 5501 of the Welfare and Institutions Code is a proceeding civil in nature, not criminal. . . ."]; *People* v. *Gross*, 115 Cal.App.2d 502, 505 [252 P.2d 416] ["Sexual psychopathy proceedings being civil in nature. . . ."]). Unless and until those decisions are overruled the present appeal is not in "a criminal case" and the trial court properly declined to order a preparation of the transcript at the expense of the state.

For these reasons, I would deny the writ.