[Crim. No. 5117.   Second Dist., Div. One.   Oct. 18, 1954.]

THE PEOPLE, Respondent, v. CARL R. WILLEY, Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Carl L. Willey, was convicted of violating section 288 of the Penal Code. He attempted to have sexual relations with his 10-year-old stepdaughter. The offense was committed in the home of defendant and his wife, while the wife was in the hospital.

The personal background of the man is distressing. He was in the Army during the Second World War, and was held for 41 months in a Japanese prison camp. He contracted tuberculosis, and had one of his lungs removed.

Following his conviction, the court found him to be a sexual psychopath under section 5500 of the Welfare and Institutions Code, and committed him to Norwalk State Hospital for not to exceed 90 days, for observation and diagnosis. Hearing on his application for probation and for pronouncing judgment was continued.

The report of the superintendent of the state hospital, verified by the acting superintendent, stated in part as follows:

"The case of this individual has been studied by the Staff of this hospital.

"In my opinion he is a menace to the health and safety of others, is a sexual psychopath and falls within the provisions of Section 5500 of the Welfare and Institutions Code. Psychiatric diagnosis: Psychoneurosis, anxiety reaction, sexually deviated behavior. It is my opinion that he could not benefit from treatment at a State hospital, since he denies his sexual problem and threatens escape from hospital and admits he is a grave security risk. He requires treatment in a setting of maximum security. I recommend the Court dispose of this case in accordance with the appropriate provisions of the Penal Code. It is therefore requested that the Court proceed with the case as provided in Section 5512 of the Welfare and Institutions Code and make an order for the return of this individual to the Court."

Defendant demanded a jury trial upon the issues raised by the report. The court ruled that he was not entitled to a jury upon these issues. The court then found that defendant was a menace to the health and safety of others and could not benefit from treatment in the state hospital; denied his motion for a new trial and his application for probation; and

sentenced him to the state prison for the term prescribed by law.

Defendant's notice of appeal contains five specifications:

(1) From the denial of a motion for a new trial. (2) From the denial of his motion for a hearing to determine whether or not he was a sexual psychopath as defined under section 5501 of the Welfare and Institutions Code. (3) From the denial of a motion for the appointment of doctors to determine his present sanity. (4) From the denial of a motion requesting commitment to the state hospital as a psychopath and sexual psychopath. (5) From the judgment and sentence.

Defendant's principal contention on appeal is that he was deprived of his liberty without due process of law, in that he was entitled to have a jury pass upon the issues presented by the report of the superintendent of the state hospital. He argues that there were three issues of fact to be resolved: First, that of sexual psychopathy; second, whether he was a menace to society; and, third, whether or not he would benefit by treatment in a state hospital. He also argues that at the very least he was entitled to a hearing—a "confrontation" of witnesses, including the doctors who made the report to the court, and the right to cross-examine them; that the hearing should have been something more than the mere perfunctory reading of the report of the hospital superintendent; and that in effect his case, both as to place of confinement and probation, was determined solely upon the report of the superintendent of the state hospital.

In his argument relative to the probation hearing, defendant points out that the report of the probation officer stated: "We can't recommend probation because the superintendent of the hospital says the defendant is a menace if left at large," and the trial judge said that he could not grant probation because the superintendent of the state hospital was of the opinion that defendant was a menace to the health and safety of others.

Let us now turn to a consideration of the merits of the case. ■ Sexual psychopathy proceedings are special, of a civil nature, and collateral to the criminal case. (*Gross* v. *Superior Court,* 42 Cal.2d 816 [270 P.2d 1025].)

The purpose of sexual psychopathy proceedings is well stated by our Supreme Court in *People* v. *McCracken,* 39 Cal.2d 336, at page 345 [246 P.2d 913]:

"The sexual psychopath law was passed by the Legislature because experience had shown that persons who came within

the classification of sexual psychopaths were unable to benefit from ordinary penal confinement and were in need of medical treatment. (*People* v. *Hector*, 104 Cal.App.2d 392, 394 [231 P.2d 916].) The Legislature therefore gave the courts power to commit a person determined to be a sexual psychopath to a medical facility for an indeterminate period of time until the person had been cured or was unable to benefit from further treatment. (Welf. & Inst. Code §§ 5512, 5517.) After a cure, or after it had been determined that further treatment was of no benefit, the courts were given the power to resume the proceeding in the criminal matter. (Welf. & Inst. Code, §§ 5517, 5518.)''

The constitutional guarantee of the right of trial by jury does not extend to special proceedings unless the right is given by statute. (*In re Way*, 56 Cal.App.2d 814 [133 P.2d 637]; *People* v. *Loomis*, 27 Cal.App.2d 236 [80 P.2d 1012]; *Gregory* v. *Hecke*, 73 Cal.App. 268 [238 P. 787]; 15 Cal.Jur. 342.)

Defendant's confinement in the state prison is but the legal result of his conviction of the felony of which he was charged. Considering his military service, his experience as a prisoner of war, and his physical condition, it is to be regretted that the superintendent of the state hospital could not recommend his commitment to a mental hospital as a sexual psychopath, following his observation placement. On the other hand, if he told the doctors that he would escape and would not stay in the hospital, nothing but trouble would have followed, and the benevolent purposes of the law of sexual psychopathy would have been thwarted by his commitment to a mental hospital. (*Cf.* facts in *People* v. *Gross*, 115 Cal.App.2d 502 [252 P.2d 416].)

When the doctors' certificate was received, it then became the duty of the trial court to determine whether or not defendant was a fit and proper person to be committed to a mental hospital. Having determined that he was not, it became the court's duty to then proceed with the case under our penal laws. (*People* v. *Tipton*, 90 Cal.App.2d 103 [202 P.2d 330]; *People* v. *Gross*, 115 Cal.App.2d 502 [252 P.2d 416].)

The Legislature has provided but one time when a jury may be demanded in sexual psychopath proceedings. *After* the order of commitment has been made, following an observation placement, he may demand a jury as provided for mentally ill persons. (Welf. & Inst. Code. § 5512.5) Here no order of commitment was made. The order was that defendant

should not go to a mental hospital. In cases of insane persons the well-known procedure is the same—*after* the order of commitment, the individual may demand, and is then entitled to a jury trial on the issue of his sanity. (Welf. & Inst. Code, § 5125.)

Legislative grants of authority to superintendents of mental hospitals to determine who will benefit from hospitalization in such institutions are quite common. (See cases collected in a concurring opinion by Mr. Justice Traynor in *Phyle* v. *Duffy,* 34 Cal.2d 144, at p. 159 [208 P.2d 668].)

It follows therefore that in the circumstances in this case no jury trial is contemplated or provided for by our law.

So far as the probation hearing is concerned, the court considered the report of the superintendent of the state hospital, along with all of the other matters presented at that time. There was no abuse of discretion in denying the application for probation. (*People* v. *Escobar,* 122 Cal.App.2d 15 [264 P.2d 571].)

The orders denying defendant's motion for a new trial, denying a hearing to determine whether he was a sexual psychopath, denying his motion for the appointment of doctors to determine his present sanity, denying his motion requesting commitment to the state hospital as a psychopath and sexual psychopath, and the judgment, are, and each of them is affirmed. The appeal from the sentence is dismissed. (*People* v. *Gallardo,* 41 Cal.2d 57, 60 [257 P.2d 29].)

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 17, 1954.