[Crim. No. 5354. Second Dist., Div. One. July 19, 1955.]

THE PEOPLE, Respondent, v. PAUL E. SMITH, Appellant.

418

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a jury of violating section 288 of the Penal Code. He admitted one prior conviction of a felony (robbery and kidnapping), for which he served a term of imprisonment in the penitentiary. He appeals from the judgment of the superior court sending him back to state's prison.

Defendant argues the sufficiency of the evidence to establish the crime charged, and that it was error for the trial court to deny him a jury trial and a hearing on the issue of sexual psychopathy.

So far as the sufficiency of the evidence is concerned, this court is without power to do other than affirm the judgment. The boy victim of the defendant testified to the commission of the acts denounced by the Penal Code. Defendant denied them; the jury resolved the question of fact against him; and under familiar rules of appellate court practice that is all there is to it.

The Constitution of this state limits a review by appellate courts to questions of law alone. (Const., art. VI, §§ 4, 4b.) And when a jury has determined a question of fact and there is substantial evidence to support that determination, it is not the function of an appellate court to reweigh the evidence. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].)

This court has examined the record and finds that the sexual psychopathy proceedings were regular, sufficient, and proper, and in accordance with the code sections defining

and applying the sexual psychopathy statutes of this state. In such proceedings it is only after the order of commitment as a sexual psychopath that a defendant may demand a jury. (*People* v. *Willey,* 128 Cal.App.2d 148 [275 P.2d 522].)

In this case defendant was not committed as a sexual psychopath. He was referred to a state hospital for observation and diagnosis. (Welf. & Inst. Code, § 5512.) He was returned to the superior court with the report that while he was a sexual psychopath he would not benefit from further treatment in a state hospital. Then his application for probation was denied and judgment was pronounced.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.