STATE OF NEBRASKA, APPELLEE, v. DONALD NOLL, APPELLANT.

108 N. W. 2d 108

Filed March 10, 1961.   No. 34918.

*Robert E. Otte,* for appellant.

*Clarence A. H. Meyer,* Attorney General, and *Dwain L. Jones,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

SPENCER, J.

This is an action for the release of a sexual psychopath pursuant to the written recommendation of the superintendent of the Lincoln State Hospital.

Appellant, hereinafter called defendant, appeals from an order denying his release. Defendant raises three issues. First, that the statute only gives the court the discretion to release or put him on probation, and that it does not have authority to recommit him. Second, if the court does have discretion to recommit, it abused that discretion. Third, if the hospital superintendent's recommendation for release is not the standard or criteria for release, the statute is unconstitutional.

The facts are as follows: Defendant was adjudged to be a sexual psychopath December 7, 1957, and was committed to the Norfolk State Hospital. He later was

transferred to the Lincoln State Hospital where he is now confined. On January 26, 1960, the superintendent of the Lincoln State Hospital wrote the trial judge as follows: "Donald Noll was committed to the Lincoln State Hospital as a sexual psychopath under your jurisdiction, and received on December 17, 1957. He has been in the hospital continuously since that date. It is the opinion of our psychiatric staff that Mr. Noll has received maximum benefit from his treatment. Therefore, in accordance with Nebraska statute, Section 29-2906, I am recommending that Donald Noll be discharged from the Lincoln State Hospital. Pending approval by your Court, we shall await further orders from you." Thereafter, defendant filed his petition for release. The State answered, and the matter proceeded to trial on July 8, 1960. The trial court, after hearing, ordered defendant returned to the Lincoln State Hospital, not to be discharged until further order of the court. Defendant appeals.

We find that the original petition alleged three acts of exhibitionism on the part of defendant. At the hearing, where he was represented by counsel, defendant, in addition to the acts charged, admitted that on August 15, 1957, he induced a 4½-year-old girl to come into his home in Norfolk. He admitted he took off some of her clothes, and some of his own, and that he put his body against her. This certainly was a serious sexual offense. Defendant further admitted that he was charged in 1952, in Spokane, Washington, with three counts of indecent exposure, and was sentenced to the State Penitentiary at Walla Walla on two of those counts. He was discharged from the penitentiary April 30, 1954.

There is no proof of any nature in the record that defendant has recovered from the condition for which he was committed. There is no proof that he would no longer constitute a danger to society. In fact, the two psychiatrists who testified for defendant agree that

he is still a sexual psychopath within the definition of the statute.

Section 29-2901, R. R. S. 1943, provides in part: "* * * the term sexual psychopath shall mean any person who, by a course of misconduct in sexual matters, has evidenced an utter lack of power to control his sexual impulses and who, as a result, is likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his uncontrolled and uncontrollable desires."

One of defendant's psychiatrists, the assistant superintendent of the Lincoln State Hospital, goes so far as to say that if defendant is released, he is of the opinion defendant will resort to his previous sexual psychopath behavior. In this state of the record, the trial court did not abuse its discretion in recommitting defendant, if it had such discretion.

Section 29-2906, R. R. S. 1943, provides as follows: "After commitment of any person found to be a sexual psychopath, such provisions of Chapter 83, article 3, as are not in conflict with the provisions of this section shall be applicable with respect to the care and custody of such sexual psychopath; Provided, that regarding the right of discharge provided by section 83-342, the superintendent of the institution to which commitment is made shall make written recommendation for discharge to the court from which the person was committed. *Such court after considering such recommendation may at its discretion free or release on probation the person committed.*" (Italics supplied.) It is defendant's contention that the trial court must accept the superintendent's recommendation and is limited to one of two alternatives, whether to free defendant or to release him on probation. With this contention we do not agree.

Section 49-802, R. R. S. 1943, which was effective when the Sexual Psychopath Act was adopted, provides in part: "(1) When the word *may* appears, permissive or discretionary action is presumed. When the word *shall*

appears, mandatory or ministerial action is presumed." (Italics supplied.)

We held in Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119: "In general, the word 'may,' used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statutes, and when used in a statute is permissive, discretionary, and not mandatory."

It is to be noted that section 29-2906, R. R. S. 1943, incorporates into the Sexual Psychopath Act such provisions of Chapter 83, article 3, R. R. S. 1943, covering the care, custody, and release of mentally ill as are not in conflict with specific provisions of the Sexual Psychopath Act. It is apparent that the Legislature intended by the specific reference to the right of discharge provided by section 83-342, R. R. S. 1943, to deprive the authorities at a state hospital of any right to discharge sexual psychopaths who had not been cured. It clearly limits their sole authority to the making of a recommendation which would be considered by the committing court. We find that it is the obvious intent of the entire act to place the right of discharge entirely with the court. We hold that the court, if it concurs in the recommendation of the superintendent, may free a sexual psychopath or release him on probation. If, however, it does not concur, he should be retained in the institution. Such discretion is not to be exercised at the arbitrary whim of the judge, but is for the purpose of giving effect to the intention of the Legislature and the spirit of the act. Its exercise must be in furtherance of justice, governed by sound principles and just reason, to be determined by the facts and circumstances of the case.

In Pettegrew v. Pettegrew, 128 Neb. 783, 260 N. W. 287, defining the term "discretion," we said: " 'When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law,

and directed by the reason and conscience of the judge to a just result.' "

It is very evident that the Sexual Psychopath Act was intended to permit the removal of a sexual psychopath from society until he is cured or is no longer a menace to the safety of others. This act was not intended as a legal bypass whereby a sexual psychopath, after a relatively short stay in a mental institution, could be released to continue to be a hazard to society. The obvious intent of the act is to require his confinement until such time as he is not "likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his uncontrolled and uncontrollable desires."

Most states have enacted sexual psychopath acts in some form. They differ materially. Yet, in all of them, the primary purpose, the one mentioned first, is the protection of society. Their secondary purpose, the one always mentioned last, is the treatment of the person committed and his protection. In re Craft, 99 N. H. 287, 109 A. 2d 853; People v. Willey, 128 Cal. App. 2d 148, 275 P. 2d 522.

Defendant admits that the procedure for commitment provided by the Sexual Psychopath Act is constitutional. He contends, however, that the act does not provide proper criteria for the release of sexual psychopaths, and for that reason defendant is deprived of due process of law.

Due process of law is a vague concept. In Solesbee v. Balkcom, 339 U. S. 9, 70 S. Ct. 457, 94 L. Ed. 604, the dissenting opinion has the following language: "It is now the settled doctrine of this Court that the Due Process Clause embodies a system of rights based on moral principles so deeply embedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history. Due process is that which comports with the deepest notions of what is fair and right and just. The more fundamental the beliefs are the less likely they are to

be explicitly stated. But respect for them is of the very essence of the Due Process Clause. In enforcing them this Court does not translate personal views into constitutional limitations. In applying such a large untechnical concept as 'due process,' the Court enforces those permanent and pervasive feelings of our society as to which there is compelling evidence of the kind relevant to judgments on social institutions."

We do not agree with defendant that no standards are found for the release of persons committed as sexual psychopaths. Definite standards do exist and are incorporated into the act. As noted above, the provisions of Chapter 83, article 3, R. R. S. 1943, are incorporated into the Sexual Psychopath Act. Section 83-340, R. R. S. 1943, provides that any patient who is cured shall be immediately discharged. Section 83-342, R. R. S. 1943, provides a method for the release of dangerous patients who are not cured, but puts the discretion in the court to determine whether such person may safely be released. Section 83-343, R. R. S. 1943, provides that the writ of habeas corpus shall be available to any person confined in a state hospital and that the decision of the judge shall not bar the issuance of a writ a second time whenever it shall be alleged that the person confined has been cured.

It is obvious that the Legislature in the Sexual Psychopath Act attempted to achieve two principal objectives. The first was the protection of society through the removal of the offender who cannot refrain from certain acts of behavior. The second was his treatment leading to his restoration to society as a healthy contributing member. In this respect, the act is in perfect harmony with the basic objectives of our legal system.

It is also obvious that the Legislature had in mind that the type of conduct covered by the Sexual Psychopath Act was not the same as that which might be displayed by a person who was mentally ill. The Legislature has very properly seen fit to vest discretionary

power in the court for the release of committed sexual psychopaths. There are ample standards available for testing the soundness of such discretion upon appeal. There is no denial of due process.

We find the trial court did not abuse its discretion and properly recommitted defendant to the Lincoln State Hospital. The judgment of the trial court is affirmed.

AFFIRMED.

WENKE, J., not participating.