STATE OF NEBRASKA, APPELLEE, v. ORVILLE KING, APPELLANT.

198 N. W. 2d 185

Filed June 2, 1972. No. 38396.

Hamilton, Geier & German, for appellant.

Paul L. Douglas and William D. Blue, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The appellant, Orville King, was committed to the Lincoln State Hospital at Lincoln, Nebraska, on December 16, 1955, as a sexual psychopath. On August 17, 1970, a report and recommendation signed by the director of the hospital was filed in the district court. The report stated that the appellant had been given a complete psychiatric evaluation, as provided in section 29-2906, R. S. Supp., 1969, and recommended that the appellant "be discharged from commitment as a sexual psychopath conditioned on his being committed by the Lancaster County Mental Health Board * * *."

On February 10, 1971, an evidentiary hearing was had on the report and recommendation. The appellant was represented by counsel at the hearing. The trial court found that the conditional release and commitment recommended by the director was not authorized by the statute and that the appellant should not be released. The appellant has appealed from this order.

The statute contemplates the removal of a sexual psychopath from society until he is cured or is no longer a menace to the safety of others. State v. Noll, 171 Neb. 831, 108 N. W. 2d 108. The right of discharge rests within the sound discretion of the district court, and the recommendation of the superintendent is only evidentiary. If the district court concurs in the recommendation of the superintendent, the person committed may be released without restriction or released on probation. § 29-2906, R. S. Supp., 1969; State v. Noll, *supra*.

The evidence before the district court consisted of the testimony of Dr. Anderson, the Director of the Lincoln Regional Center. Dr. Anderson testified the appellant was a sexual psychopathic personality; he did not now meet the criteria of a sexual psychopath but was not cured as a sexual psychopath; his power to control his sexual impulses was impaired, but he did not have an "utter lack of power" to control his impulses; and the appellant was not competent enough to be released from the hospital and should not be released "for a rather long time."

Dr. Anderson's testimony disclosed there has been improvement in the appellant's condition since his commitment in 1955, but the appellant should not be released from the hospital at this time. Dr. Anderson felt it would be desirable if the appellant could be treated as on ordinary patient at the hospital and suggested the possibility of vocational rehabilitation treatment.

As we view the record, the evidence before the district court sustains a finding that the appellant should not be discharged from his commitment as a sexual psychopath at this time. The record does not show an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.