Filed 11/7/13  P. v. Moore CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ARDELL MOORE, JR.,<br><br>  Defendant and Appellant. | F064957<br><br>(Super. Ct. No. 12CRAD680733)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Martin C. Suits, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Cornell, J., and Detjen, J.

Appellant, Ardell Moore, Jr., appeals from an order requiring him to submit to involuntary administration of psychotropic medication. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Moore was committed to Atascadero State Hospital as a Sexually Violent Predator on May 6, 2001. On March 16, 2006, he was transferred to Coalinga State Hospital (the Hospital).

On January 25, 2011, Moore attempted to attack another patient with a pair of scissors but was prevented from doing so by hospital staff.

On January 23, 2012, the Department of Mental Health filed a "Petition for an Order to Compel Involuntary Treatment with Psychotropic Medication" seeking a court order authorizing the Hospital to involuntarily administer psychotropic medication to Moore.

On March 5, 2012, at a hearing on the petition, Dr. Grafman testified that he began working as a Staff Psychiatrist at the Hospital in September 2011, and had been Moore's treating psychiatrist since December 2011. Moore had a diagnosis of paraphilia, exhibitionism, and schizophrenia, paranoid type. He had a history of molesting children and had raped four women when he was in his twenties. Moore was first hospitalized around 1980. Moore suffered from delusions. He believed hospital staff was taking blood from him at night and that he was Martin Luther King, Jr. He also would talk to himself and say he was speaking with spirits and he made his own paper money. Dr. Grafman also testified that during one incident, Moore exposed his genitals to a peer and then rushed at him with a pair of scissors in his hand. He was subdued by staff before he was able to do any harm. Moore was not taking psychotropic medication when the assault occurred.

2

Moore denied being mentally ill and believed he did not need to take any psychotropic medication. However, in Dr. Grafman's professional opinion, without psychotropic medication, Moore was a danger to others and he did not have the capacity to decide whether to accept or refuse such medication.

At the conclusion of the hearing, the court issued an order authorizing the Hospital to involuntarily administer appropriate psychotropic medication to Moore.

Moore's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed in this court on May 21, 2013, Moore makes a long, rambling, unintelligible statement that does not appear to present any issues relating to the court's order noted above.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.[1]

---

[1] On June 12, 2012, this court directed Moore to file a brief addressing whether the order appealed from is an appealable order. On July 5, 2012, Moore's appellate counsel filed a brief contending that the order at issue is an appealable order within the meaning of Code of Civil Procedure section 904.1. We agree. The order presently under review is appealable as a special order made after final judgment in a civil action. (*Gross v. Superior Court* (1954) 42 Cal.2d 816, 820; *People v. Christiana* (2010) 190 Cal.App.4th 1040, 1046-1047; 6 Witkin, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 64, p. 341.)