[Crim. No. 1581. Fourth Dist. July 24, 1961.]

THE PEOPLE, Respondent, v. HAROLD EDWIN
REDFORD, Appellant.

Richard A. Haley for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman G. Taylor, Deputy Attorney General, for Respondent.

SHEPARD, Acting P. J., This is an appeal from a judgment finding defendant guilty of the crime of kidnapping and sentencing defendant to the custody of the Director of Corrections for the period provided by law.

### FACTS

The facts shown by the record before us are substantially as follows: Defendant was charged with, and pleaded guilty to, the crimes of kidnapping (violation of Pen. Code, § 207 (count 1), and sexual perversion by force with a 5-year-old girl child, as is described in Penal Code section 288a (count 3). Other counts were dismissed.

It appears that defendant, in the early evening of December 31, 1960, went into the yard of a home in Santa Ana, where he saw through the window a 5-year-old girl. He attracted her attention and enticed her out of the house. He then grabbed

her and carried her away in his truck. At a later time that night, he repeatedly, by force, committed the act of oral copulation on her sex organ. In the early morning hours of January 1, 1961, in a city in another county a considerable distance from her home, he abandoned her on a deserted street, where she eventually was found, cold, hungry and crying, by a milkman evidently making his early morning rounds. All of these acts were fully and freely admitted by defendant.

It further appears that defendant already had a long criminal record, he having been convicted in 1947 of drunken joyriding; in 1950 of grand theft, auto; in 1951 of indecent exposure; in 1956 of disturbing the peace resulting from exhibitionism; and in 1957 of drunken joy-riding. In addition, in 1958 in another county he was convicted of an offense similar to the one charged in count 3, above noted. Sexual psychopathy proceedings were therein instituted. He was found to be a sexual psychopath, and committed to the state hospital for treatment in accordance with the provisions of Welfare and Institutions Code sections 5500 et seq. He had been released from the hospital as no longer a menace to society, and had been granted probation by the court in which he had been found guilty, and was on probation at the time he committed the present offenses.

Upon the plea of guilty, entered January 10, 1961, to count 1 (kidnapping), defendant requested probation, the matter was referred to the probation officer for report, and the time for hearing the probation officer's report and for judgment was set for February 10, 1961, at 9:30 a. m. On the plea of guilty to count 3 (violation of Pen. Code, § 288a), entered also on January 10, 1961, a hearing on sexual psychopathy pursuant to sections 5500 et seq. of the Welfare and Institutions Code was set for hearing February 10, 1961, at 9:30 a. m. Doctors were appointed, and a report ordered. At the time set, both matters were heard on the same calendar by the same judge. On count 1, defendant's application for probation was denied and he was sentenced to the custody of the State Director of Corrections for the period provided by law. In the sexual psychopathy proceeding under count 3, he was adjudged a sexual psychopath and committed to the state hospital for the preliminary examination period provided by law. The court, at the same time, ordered that the execution of the sentence on count 1 take precedence over the sexual psychopathy commitment under count 3.

### The Problem

It is the contention of defendant that by the provisions of Welfare and Institutions Code the trial judge's hands were tied in that he was mandatorily required to give precedence to the commitment to the state hospital made under the proceedings under count 3. We are unable to agree with that contention.

### Revocation of Probation

It has already been held in *People* v. *Wells*, 112 Cal. App.2d 672 [246 P.2d 1023], that when a person who has previously been convicted of an offense of the kind here under discussion, who has taken the treatment in the state hospital as provided by law, and who has been returned to the court and placed on probation, commits a new offense, it is the right of the trial court to revoke probation and to commit the defendant to prison without further recourse to sexual psychopathy treatment. As was said in that case, at page 674 [3]:

"The primary purpose of the law was to protect society against the activities of sexual perverts. [Citations.] It was never the purpose of the Sexual Psychopathy Law to set up a legal by-pass whereby certain privileged perverts would be kept in mental hospitals for a short time and then turned loose. Sexual psychopaths are to be returned to society when, and only when the superior court is positively convinced that they are no longer dangerous to children."

### Character of Proceedings

A proceeding under Welfare and Institutions Code sections 5500 et seq., even though at times it is engrafted into a criminal case, is not itself criminal in nature. It is a civil proceeding. Furthermore, a person who is adjudged a sexual psychopath is not thereby adjudged to be insane. (*In re Keddy*, 105 Cal.App.2d 215, 217-218 [3-6] [233 P.2d 159].) While the result of the sexual psychopathy proceedings may influence the final judgment of the trial court in the criminal case in which such proceedings are engrafted, nevertheless a sexual psychopathy proceeding is not in lieu of, but rather is in addition to, the criminal proceeding. (*People* v. *Gross*, 115 Cal.App.2d 502, 505 [4-5] [252 P.2d 416].)

### Crimes Charged Separately Considered

A person who commits one or more separate crimes, even though under the authority of Penal Code section 954

he be charged with such crimes in separate counts of the same information, is nevertheless subject to separate punishment and separate consideration for each crime. The counts may even be tried separately. ██ As was said in *People* v. *Carr,* 6 Cal.2d 227, 228 [1] [57 P.2d 489]:

"The use of a single information is sanctioned by law and is a decided convenience, but in no way does it change the separable character of the offenses charged, nor does it alter the rules governing punishment." (See also *People* v. *Goldstein,* 158 Cal.App.2d 86, 89 [3] [322 P.2d 253].)

It is clear, therefore, that both offenses are entitled to separate treatment, and neither is legally dependent on the treatment or even the existence of the other unless the terms of the law specifically compel such dependency.

### Application of Mandate

██ A review of the provisions of sections 5500 to 5522 of the Welfare and Institutions Code covering proceedings relating to sexual psychopaths, reveals that, without exception, wherever the proceedings therein referred to impinge upon a criminal proceeding, the reference is to only the particular criminal proceeding upon which the sexual psychopathy procedure is engrafted. In each of the subdivisions (a), (b) and (c) of section 5501, the terminology is the same. It is ". . . adjourn *the* proceeding or suspend *the* sentence. . . ." Section 5501.5, providing for certification, states ". . . it appearing to the satisfaction of the court that the above-named defendant has been convicted of *a* criminal offense, to wit, violation of . . . . . . . of the State of California. . . ." Section 5503.5 states ". . . circumstances surrounding *the* crime. . . ." Section 5512 provides that the person involved shall be ". . . returned to the court in which *the* criminal charge was tried to await further action with reference to *such* criminal charge. Such court shall resume *the* proceedings and shall impose sentence or make such other suitable disposition of *the* case as the court deems necessary." Section 5517 provides for the person to be ". . . returned to the court in which *the* criminal charge was tried to await further action with reference to *such* criminal charge." (Italics ours.)

If the Legislature had intended the sexual psychopathy proceedings to be a bar to execution of sentence in other criminal proceedings besides that in which the sexual psychopathy proceeding was instituted, it would have been a simple

matter for it to have stated that any adjudication of sexual psychopathy shall bar execution of sentence in any other criminal case until the sexual psychopathy proceeding has been concluded and the defendant discharged from the hospital. But the Legislature made no such provision.

## Not an Insanity Proceeding

In the case of insane persons, the Legislature has provided meticulously for the problems arising when a defendant in a criminal case is afflicted with insanity. Penal Code section 1201 provides for the suspension of pronouncement of judgment in any case where insanity appears after conviction and before judgment. Penal Code sections 1016 and 1017 provide for the details of the defense plea of not guilty by reason of insanity. Penal Code sections 1367 et seq. provide a bar to trial, judgment, pronouncement of sentence, or punishment while a person is insane. Counsel have not pointed out, nor has our research disclosed, any such overall provisions in any of our laws relating to sexual psychopaths excepting only in the particular criminal case in which the psychopathy proceeding is instituted.

## Courts May Not Legislate

As was said in *People* v. *Hector*, 104 Cal.App.2d 392, 395 [231 P.2d 916]: ''The statute with which we are here concerned was adopted by the Legislature, and until it is modified or repealed the courts are without power to do other than apply the plain terms thereof. The policy of the state in matters of this kind is committed by the people to the Legislature; and whether such policy is sound or not must be determined by the legislative, and not the judicial, branch of the government.''

This rule is so thoroughly embedded in our judicial concept as to require no further citation.

Thus, we cannot and should not read into the law a provision the Legislature did not enact. We can only conclude that the omission to provide any control in any other case except only that in which the psychopathic proceeding is instituted was an intentional omission. We can find nothing in the action of the trial court in any way suggesting an abuse of discretion.

## Expressio Unius Est Exclusio Alterius

Defendant cites and quotes from *Estate of Pardue*, 22 Cal.App.2d 178 [70 P.2d 678], and other cases, in an

attempted application of the rule of *expressio unius est exclusio alterius* to the interpretation and adaptation of the Sexual Psychopathy Law to the case here at bar. If the rule applies at all, which we doubt, its persuasion would be in the reverse of the contentions of defendant.

As above pointed out, every reference in said sections 5500 et seq. is to the particular criminal action in which the sexual psychopathy proceeding was invoked. Thus, if the rule applies at all, it would exclude all other criminal charges from its operation. We find no merit in this contention.

## LEGISLATIVE KNOWLEDGE

 Defendant cites and quotes from *Cole* v. *Rush*, 45 Cal.2d 345, 355 [8] [289 P.2d 450, 54 A.L.R.2d 1137], and other cases, to the effect that: "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them."

He argues that the adoption of section 5500.5 providing that the chapter shall not apply to any person sentenced to death, is indicative of an intent on the part of the Legislature to have sexual psychopathy proceedings apply in some sort of blanket fashion to all criminal cases besides and in addition to the case in which the proceeding is engrafted. We find no such meaning in said section. On the contrary, it appears to apply to only the particular case in which the proceeding was engrafted. In other words, 5500.5 simply provides a bar to the use of the sexual psychopathy proceedings in the particular case in which it was engrafted wherever the defendant there involved has been sentenced to death in that or any other case. Nothing in it suggests that the sexual psychopathy proceedings should be extended to and used as a bar in some other case. No case prior or subsequent to that enactment has ever held that such bar applied in other cases than the one in which proceedings were instituted.

The judgment is affirmed.

Coughlin, J., concurred.

A petition for a rehearing was denied August 22, 1961, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1961. Peters, J., was of the opinion that the petition should be granted.