[Crim. No. 2272.   Fourth Dist., Div. One.   Jan. 27, 1966.]

THE PEOPLE, Plaintiff and Rspondent, v. RAYMOND B. BARNES, Defendant and Appellant.

Charles A. Pratt, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant appeals from an order after imposition of judgment, denying his petition that the court, pursuant to Penal Code section 1168, recall his commitment to the penitentiary and release him under probationary supervision. He was convicted of automobile theft, a felony, and on July 31, 1957, was placed on probation; following this, while on probation, on three separate occasions he was committed to and released from mental institutions; also during his probation on more than one occasion he violated his terms of probation; on one occasion the court terminated his probation but, after reconsideration and placement in a mental hospital, reinstated such; and eventually, on February 10, 1964, his probation was revoked for cause and he was sentenced to state prison. The report of the probation officer made to the court at the time of revocation of probation showed defendant was not a subject for probationary supervision by virtue of "His ever recurring mental illnesses plus his proclivity to drink," and during the time he was on probation he had "been out of institutions for three short periods never exceeding six months before he had a recurrence and was back in difficulty." On June 14, 1965, the

judge who had presided over defendant's case in all of its aspects received a letter from him in which he complained that his imprisonment constituted "cruel and inhuman treatment, contrary to the Constitution of California and the United States," and stated: "Petitioner prays this Court to accept this as proper for the purpose intended, or to exercise the judicial power of the Penal Code under Section 13 and 1168 to grant petitioner relief"; and concluded: "In the event the Honorable Judge cannot see fit to grant relief, let this petition serve as Notice of Appeal . . . to the D.C.A., 4th." The court treated the letter as a petition for relief under section 1168 of the Penal Code and denied the petition on the same day it was received, i.e., June 14, 1965. The record before us indicates the petition was denied summarily. Under the circumstances, this was proper.

Pertinent to the matter at hand is that part of Penal Code section 1168 which states: "When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by diagnostic study and recommendations approved pursuant to Section 5079, the court may recall the commitment previously ordered and release him under supervision as provided by Section 1203." Section 5079 requires the Director of Corrections to establish a psychiatric and diagnostic clinic the work of which "shall include a scientific study of each prisoner, his career and life history, the cause of his criminal acts and recommendations for his care, training and employment with a view to his reformation and to the protection of society" and provides that, "The recommendation shall be submitted to the Director of Corrections and shall not be effective until approved by him. The Director of Corrections may modify or reject the recommendations as he sees fit."

■ A defendant petitioning the court to recall his commitment and release him under probationary supervision as permitted by § 1168 has the burden of showing facts authorizing the court to exercise its discretion in the premises. (Cf. *People* v. *Ignazio,* 137 Cal.App.2d Supp. 881 [290 P.2d 964].) ■ The petition should show that the clinical study and recommendation referred to in section 5079 has been made and approved by the Director of Corrections, and should set forth the substance of that study and recommendation, either by appropriate allegations or, preferably, by incorporation of a copy, from which it appears the court

might be warranted in releasing the defendant under probationary supervision. In the instant petition there is no showing whatsoever. From all that appears here no study and recommendation has been approved, or if approved that it does not provide for continued psychiatric care of defendant at the state prison. The requirements of a petition inaugurating court action under section 1168, as heretofore outlined, and the authority of a court to deny summarily a petition that does not meet these requirements, are dictated by the principles applied in *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]; *In re Swain,* 34 Cal.2d 300 [209 P.2d 793], *People* v. *Shorts,* 32 Cal.2d 502, 512 [197 P.2d 330], and *Rose* v. *Superior Court,* 44 Cal.App.2d 599 [112 P.2d 713].

Defendant, acting in propria persona, raises contentions in addition to those presented by his counsel, which the latter has attached to the opening brief. They concern claimed errors allegedly requiring a reversal of the judgment. His counsel very properly did not present them as the judgment has become final, and is not subject to review on this appeal.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.