[Crim. No. 3226.   Fourth Dist., Div. One.   July 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CAROL ANITA HORTON, Defendant and Appellant.

Maher & Mattier and David Fishman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant Carol Anita Horton appeals from an order denying her motion made purportedly under Penal Code, section 1168, requesting that the court order that a diagnostic study be made pursuant to Penal Code, section 5079, to enable the court to consider recalling her sentence and ordering probation.

*Facts*

On April 21, 1967, defendant was sentenced to state prison after pleading guilty to a charge of endangering the health of a child under circumstances likely to produce great bodily harm or death. (Pen. Code § 273a, subd. (1).) On February 23 1968, she made the motion, the denial of which is the subject of this appeal. In a declaration in support of the motion, defendant's counsel declared:

"That Carol Anita Horton has made maximum progress since her last evaluation under 1203.03 (which itself was favorable and recommended probation);

"That this is the optimum time for her release based on her progress to date;

"That she has received the greatest possible benefit from her incarceration in the Women's Institution;

"That clinical studies are made only on orders of and are given only to the court;

"That prison officials are anxious for such an order to be made so that release can be recommended under Penal Code 1203."

The trial court summarily denied her motion.

█ SECTION 1168, PENAL CODE, DOES NOT EMPOWER THE COURT TO ORDER THE DIRECTOR OF CORRECTIONS TO MAKE A DIAGNOSTIC STUDY UNDER SECTION 5079, PENAL CODE.

Section 5079, Penal Code, now provides:

"The Director of Corrections shall provide facilities and personnel for a psychiatric and diagnostic clinic and such branches thereof as may be required at one or more of the state prisons or institutions under the jurisdiction of the Department of Corrections. He shall have full administrative authority and responsibility for operation of the clinics.

"The work of the clinic shall include a scientific study of each prisoner, his career and life history, the cause of his criminal acts and recommendations for his care, training and employment with a view to his reformation and to the protection of society. The recommendation shall be submitted to the Director of Corrections and shall not be effective until approved by him. The Director of Corrections may modify or reject the recommendations as he sees fit."

It was first enacted in 1944 when the authority now reposed in the Director of Corrections was declared to be in the Adult Authority. The section was cast in its present form in 1953.

Section 1168, Penal Code, was amended in 1963 to provide for the first time that after a defendant had been sentenced to be imprisoned in a state prison and had been committed to the custody of the Director of Corrections, if it were deemed warranted by the diagnostic study and recommendations approved pursuant to section 5079, Penal Code, the court might recall the commitment previously ordered and release the defendant under supervision as provided by section 1203, Penal Code.

Section 1168, Penal Code, was again amended in 1967 to substitute the following language concerning the court's power:

"[T]he court may recall the *sentence and* commitment previously ordered and *resentence the defendant in the same manner as if he had not previously been sentenced.*"

In 1957, there was enacted section 1203.03, Penal Code, the significant portions of which now read:

"(a) In any case in which a defendant is convicted of an offense punishable by imprisonment in the state prison, the

court, if it concludes that a just disposition of the case requires such diagnosis and treatment services as can be provided at a diagnostic facility of the Department of Corrections, may order that defendant be placed temporarily in such facility for a period not to exceed 90 days, with the further provision in such order that the Director of the Department of Corrections report to the court his diagnosis and recommendations concerning the defendant within the 90-day period.

"(b) The Director of the Department of Corrections shall, within the 90 days, cause defendant to be observed and examined and shall forward to the court his diagnosis and recommendation concerning the disposition of defendant's case. . . .

"(c) The Department of Corrections shall accept such person if it has adequate staff and facilities to provide such services. No such person shall be transported to any facility under the jurisdiction of the Department of Corrections until the director has notified the referring court of the place to which said person is to be transported and at the time at which he can be received."

*People* v. *Barnes.* 239 Cal.App.2d 705, 707-708 [49 Cal.Rptr. 77], held that a defendant petitioning the court to recall his commitment and release him under probationary supervision as permitted by section 1168, Penal Code, has the burden of showing facts authorizing the court to exercise its discretion in the premises. The petition should show that the clinical study and recommendation referred to in section 5079, Penal Code, has been made and approved by the Director of Corrections, and should set forth the substance of that study and recommendation, either by appropriate allegations or, preferably, by incorporation of a copy, from which it appears the court might be warranted in releasing the defendant under probationary supervision.

The court in *Barnes,* however, was not called upon to pass on a request for an order that a diagnostic study be made.

There is wholly lacking in section 1168, Penal Code, a provision empowering the court to order a diagnostic study, such as is found in section 1203.03, Penal Code. A similar provision is found in Welfare and Institutions Code, section 5519, providing for reports from the Department of Mental Hygiene on the condition of mentally disordered sex offenders.

■ It is clear that the purpose to be served by the origi-

nal enactment of section 5079, Penal Code, was wholly unrelated to any post-judgment action by the committing court. We view the achievement of such legislative purpose as the prime end to be served by section 5079, even after the enactment of section 1168.

■ The provisions of section 1168, Penal Code, are purely permissive after the existence of a report under section 5079 has been brought to the attention of the court.

■ The Department of Corrections is a part of the executive branch of government. In matters of discretion vested in it, the courts have no power to direct action except to order the carrying out of a clear legislative mandate that such discretion be exercised, in the event of a failure to exercise such discretion.

If the discretion be exercised by the executive and there has been no abuse of discretion, the power of the court has ended.

■ The exercise of the court's power in the event of the refusal of the executive to carry out a clear legislative mandate is ordinarily by writ of mandate. No showing was made in the court below to make proper the issuance of a writ of mandate.

■ Section 1168 may, however, be interpreted to include the power of the sentencing court to order that it be furnished with any existing report made under section 5079 which has been approved by the Director of Corrections. It is apparent from the application made in the trial court that there is no such report.

We are not called upon to discuss the constitutional basis of legislation that would permit a court to "resentence" a defendant who has already served a part of a previously imposed sentence. Apparently, it is considered that a second sentencing could only be of an ameliorative character.

Order affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.