[L. A. No. 29691. In Bank. Jan. 29, 1970.]

RODOLFO ALANIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Thomas Hunter Russell and Norman D. Causey for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey S. Wohlner, Deputy Attorney General, for Real Party in Interest.

OPINION

BURKE, J.—Rodolfo Alanis, an inmate at the California Institution for Men at Chino, seeks mandamus to compel the Los Angeles County Superior Court "to take jurisdiction of [his] petition for probation pursuant to . . . [a provision in Penal Code section] 1168 and to decide the case on its merits."[1] We have concluded that the alternative writ should be discharged and the peremptory writ denied.

---

[1] The provision, which was added to Penal Code section 1168 (the indeterminate sentence law) in 1963, as amended in 1967, read: "When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations approved pursuant to Section 5079, the court *may recall* the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced." (Italics added.)

The quoted provision was amended in 1969 by the addition of the phrase ", within 120 days of the date of commitment on its own motion, or thereafter upon the recommendation of the Director of Corrections," between the words "may" and "recall." (Stats. 1969, ch. 990.) The 1969 amendment became effective *after* respondent denied Alanis' petition.

· Penal Code section 5079 requires that the Director of Corrections maintain "a psychiatric and diagnostic clinic . . . at one or more of the state prisons . . ." and provides that "The work of the clinic shall include a scientific study of each prisoner, his career and life history, the cause of his criminal acts and recommendations for

In 1964 a jury found Alanis guilty of attempted robbery in the first degree (Pen. Code, §§ 211, 664) and assault with a deadly weapon (Pen. Code, § 245). Probation was denied, and he was sentenced to prison. On appeal in an unpublished opinion the sentence for assault with a deadly weapon was vacated and in all other respects the judgment was affirmed; a petition for hearing was denied in 1967.

In August 1969 Alanis filed the petition for probation,[2] in which he expressed an intent to move for (1) an order directing that a copy of the approved diagnostic study and a current evaluation of him be sent to the court for its consideration and (2) a probation hearing. The petition was supported by exhibits which, it is alleged, "[recommend] probation and/or [indicate] that the diagnostic study and current evaluation . . . is a favorable one. . . ." Respondent refused to send for the diagnostic study and presumably current evaluation and summarily denied the petition in August 1969 without considering its merits.

█ Under the provision relied upon in Penal Code section 1168 the court is authorized to recall a prison sentence and commitment and to resentence the defendant if such action is deemed warranted by the diagnostic study and recommendations approved by the Director of Corrections. The provision was not intended to authorize the granting of probation as an alternative to release on parole but rather to empower the court to take such action where it appears from the specified matters that the prison sentence should never have been imposed. (*Holder* v. *Superior Court, ante,* p. 779 [83 Cal.Rptr. 353, 463 P.2d 705].)

█ Although petitions or motions for relief under the provision in question have often been presented by prisoners (see, e.g., *Holder* v. *Superior Court,* 269 Cal.App.2d 314 [74 Cal.Rptr. 853]; *People* v. *Horton,* 264 Cal.App.2d 192 [70 Cal.Rptr. 186]; *People* v. *Barnes,* 239 Cal.App.2d 705 [49 Cal.Rptr. 77]; Cal. Criminal Law Practice (Cont.Ed.Bar 1969) p. 206), in our opinion the Legislature did not intend that a proceeding under that provision be initiated by a prisoner. That the Legislature did not intend that such a proceeding be so initiated is suggested by the absence of any statutory requirement that a copy of the diagnostic study and recom-

---

his care, training and employment with a view to his reformation and to the protection of society. The recommendation shall be submitted to the Director of Corrections and shall not be effective until approved by him. The Director of Corrections may modify or reject the recommendations as he sees fit."

[2]The document is labeled "Notice of Motion for Order for Copy of Approved Diagnostic Study and Updated and Current Evaluation, and for Probation Hearing Pursuant to P.C. 1168, 5079." In his mandamus petition Alanis refers to the document as a petition for probation, and the document is referred to herein by that designation.

mendations be furnished to a prisoner and the fact that under Penal Code section 2081.5 a prisoner is not among those who have access to the records of the Director of Corrections, which records include the diagnostic findings.[3] Also the provision was clarified in this regard by the 1969 amendment thereto, which authorizes the court to take such action "within 120 days of the date of commitment *on its own motion,* or thereafter *upon the recommendation of the Director of Corrections.*" (Italics added.)

The alternative writ of mandamus is discharged, and the petition for a peremptory writ is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

[3]Penal Code section 2081.5 provides: "The Director of Corrections shall keep complete case records of all prisoners under custody of the department, which records shall be made available to the Adult Authority and the Board of Trustees of the California Institution for Women at such times and in such form as each board may prescribe.

"Case records shall include . . . a record of diagnostic findings . . . ."