[Civ. No. 33586. First Dist., Div. Two. Nov. 9, 1973.]

RAYMOND K. PROCUNIER, as Director, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondents;
ARTURO FIDEL LOSOYA et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, John T. Murphy and Michael Buzzell, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Harkjoon Paik, Public Defender, Terrance R. Duncan, Deputy Public Defender, Pioda, Bryan & Ames and William F. Bryan for Real Parties in Interest.

## OPINION

**TAYLOR, P. J.**—Petitioners Raymond K. Procunier, Director of the California Department of Corrections, William T. Stone, superintendent of the Correctional Training Facility at Soledad, and Evelle J. Younger, Attorney General of the State of California, seek mandamus to set aside portions of an order granting discovery issued by the Superior Court of Monterey County on July 5, 1973.

Real party defendants, Arturo Fidel Losoya and Robert Aguirre, inmates at the California Correctional Training Facility at Soledad, were charged by indictment with violating Penal Code section 187 (murder). In addition, defendant Aguirre was charged with violating Penal Code section 4500 (assault with a deadly weapon by a prisoner undergoing a life sentence), and defendant Losoya was charged with violating Penal Code section 4501 (assault with a deadly weapon by a prisoner undergoing a sentence less than life). Defendants filed joint motions for pretrial discovery, and after a hearing held on June 15, 1973, the court, in an order dated July 5, 1973, granted defendants' motion for discovery as to 33 items. Petitioners contend that the court's order granting Items 5, 24, 32 and 37 violated petitioners' privilege to refuse to disclose official information.

Item 5 of the discovery order requires petitioners to disclose lists of names of inmates located in the North Facility and O Wing of the Central Facility of the Correctional Training Facility at Soledad determined by the Department of Corrections to be members of organizations known as the Mexican Mafia, Nuestra Familia, or the Aryan Brotherhood. Item 32 requires disclosure of any and all information in the possession of peti-

tioners tending to connect defendants with an organization known as the Nuestra Familia. Item 37 requires the disclosure of any and all information in the possession of petitioners tending to connect two named witnesses with an organization known as the Aryan Brotherhood. Item 24 requires the disclosure of departmental records of defendants, including cumulative summaries, psychological evaluations, past records of convictions, incident or disciplinary reports, social studies, and medical records.

Under Evidence Code section 1040, a public entity has a privilege to refuse to disclose official information when disclosure is forbidden by a statute of this state or is against the public interest. Government Code section 6254, subdivision (f), of the California Public Records Act (Gov. Code, § 6250 et seq.) specifically exempts from disclosure "Records of complaints to or investigations conducted by, or *records of intelligence information or security procedures of,* the office of the Attorney General and the Department of Justice, and any state or local police agency, or *any such investigatory or security files compiled by any other state or local agency for correctional, law enforcement or licensing purposes.*" (Italics added.) (See Witkin, Cal. Evidence (2d ed. 1972 Supp.) p. 399.)

The Attorney General, as the authorized representative of petitioners, asserted the privilege of official information pursuant to Evidence Code section 1040 and justified withholding the information as prohibited by statute and against the public interest (Gov. Code, § 6255).[1]

■ We conclude that the court's order violated petitioners' privilege to refuse to disclose official information in that the information required to be disclosed by Items 5, 32 and 37 is exempt from disclosure under Government Code section 6254, subdivision (f), and the information required to be disclosed by Item 24 is available only to those authorities who are specifically enumerated in Penal Code section 2081.5 (*Yarish* v. *Nelson,* 27 Cal.App.3d 893, 902 [104 Cal.Rptr. 205]; *Alanis* v. *Superior Court,* 1 Cal.3d 784, 787 [83 Cal.Rptr. 355, 463 P.2d 707]; see also Gov. Code, § 6254, subds. (c) and (k)).[2]

---

[1]The Attorney General has informed the court that there is active recruitment within the inmate population for membership in rival gangs, that a power struggle among such gangs has created a highly volatile climate in which stabbings and homicides are not uncommon, that lists of inmate membership in gangs have been compiled by the Department of Corrections for security purposes, that such lists are utilized by the department for the protection of inmates and the staff of the institution, and that disclosure of such lists might generate violence and create security problems.

[2]"Official information is absolutely privileged if its disclosure is forbidden by either a federal or state statute." (Legislative Committee Comment: Evid. Code, § 1040.)

Let a peremptory writ of mandate issue, directing the trial court to set aside Items 5, 24, 32 and 37 of the discovery order of July 5, 1973.[3]

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied December 7, 1973, and the petition of the real parties in interest for a hearing by the Supreme Court was denied January 23, 1974. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[3]With respect to Item 24, we note that Item 17 of the order, not objected to by petitioners, requires disclosure of past records of convictions of defendants, and we therefore except past records of convictions from this order.